Daniel A. Lev (CA Bar No. 129622)
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for 3 Day Blinds, Inc., Debtor and Debtor in Possession

FILED & ENTERED
FEB 23 2009
CLERK U.S. BANKRUPTCY COURT
Central District of California
BY reid DEPUTY CLERK

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

In re

3 DAY BLINDS, INC., a Delaware corporation,

Debtor.

Case No. 8:08-bk-16696-ES

Chapter 11

**ORDER, AFTER HEARING, GRANTING MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR ORDER (1) AUTHORIZING SALE OF SUBSTANTIALLY ALL ESTATE ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS, (2) DETERMINING THAT BUYER IS A GOOD FAITH PURCHASER, (3) WAIVING TEN DAY STAY PURSUANT TO RULE 6004(g) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND (4) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND EXECUTORY CONTRACTS DESIGNATED BY BUYER**

DATE: February 3, 2009
TIME: 10:30 a.m.
PLACE: Courtroom "5A"

On February 3, 2009, the "Motion of Debtor and Debtor in Possession for Order (1) Authorizing Sale of Substantially All Estate Assets Free and Clear of Liens, Claims and Interests, (2) Determining That Buyer is a Good Faith Purchaser, (3) Waiving Ten Day Stay Pursuant to Rule 6004(g) of the Federal Rules of Bankruptcy Procedure,

and (4) Authorizing Assumption and Assignment of Unexpired Leases of Non-Residential Real Property and Executory Contracts Designated By Buyer" (the "Motion") filed by 3 Day Blinds, Inc., a Delaware corporation (the "Debtor" or "Seller"), the debtor and debtor in possession herein, came on for its regularly scheduled hearing before the Honorable Erithe Smith, United States Bankruptcy Judge, presiding.  The Debtor appeared by and through Daniel A. Lev and Jeffrey M. Pomerance, **Sulmeyer**Kupetz, A Professional Corporation.  TPG-Rosewood Acquisition Corp., TPG Ventures, L.P., Rosewood Capital IV Associates, L.P., and Rosewood Capital IV, L.P. (collectively, the "Buyer"), appeared by and through Kimberly D. Newmarch, Paul, Hastings, Janofsky & Walker, LLP.  The Official Committee of Unsecured Creditors appeared by and through Ronald A. Clifford, Blakeley & Blakeley LLP.  Other appearances as noted on the record.

   Based on the Notice of Motion and Motion, the memorandum of points and authorities and declarations in support thereof, the documents and pleadings on file herein, all judicially noticeable facts, the arguments and representations of counsel, and such other evidence as was presented at the scheduled hearing, and after finding that this Court has jurisdiction to approve the sale of the Purchased Assets (as defined in the Asset Purchase Agreement) which are the subject of the Motion, free and clear of those liens, claims, interests, and encumbrances (collectively, "Liens") identified in the Motion, and to authorize the Debtor, on behalf of the estate, to enter into and perform in accordance with the Asset Purchase Agreement, including the schedules thereto, attached as Exhibit "A" to this Order (the "Asset Purchase Agreement"), and after further finding that the Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N), and (O), and after further finding that the statutory predicates for the relief requested in the Motion are 11 U.S.C. §§ 105 and 363, and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure, and after further finding that all objections, if any, to the Motion and to approval of the Asset Purchase Agreement, including the transactions contemplated thereby, have been withdrawn, resolved or overruled, and after further finding that notice of the hearing on the approval of the Motion was duly served by the

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

Debtor on (i) all creditors and interested parties, including parties requesting special notice, required to receive notice pursuant to Bankruptcy Rule 2002(i), (ii) each entity or person known to the Debtor to assert a Lien, or claim to, the assets to be affected by this Order, and (iii) the Office of the United States Trustee, all in accordance with Bankruptcy Rules 2002(a)(2), 2002(c)(1), 2002(i), 2002(k), 6004(a) and 6004(c), and after further finding that each entity known to the Debtor to assert a lien, encumbrance, claim or other interest in or to the assets to be affected by this Order was also served with a complete copy of the Motion, and all supporting declarations and pleadings filed by the Debtor in connection with the Motion, and after further finding that the Notice (i) complied in all respects with the requirements of the Bankruptcy Code and the Bankruptcy Rules, (ii) fully and adequately described the relief requested in the Motion, (iii) provided fair and reasonable notice under the circumstances of this case with respect to the deadlines and procedures for objecting to the relief requested in the Motion, and (iv) set forth the time, date and place for the hearing on the Motion, or an opportunity to request a hearing, and after further finding that the Debtor engaged in fair and reasonable marketing, advertising and other sales efforts and procedures in connection with the sale of the Purchased Assets, which efforts and procedures have enabled the estate to obtain a fair and reasonable price for the Purchased Assets under the circumstances of this case, and after further finding that the Asset Purchase Agreement was negotiated, proposed, and entered into by the parties without collusion, in good faith, and from arm's-length bargaining position, and after further finding that neither the Debtor nor the Buyer have engaged in any conduct that would cause or permit the Asset Purchase Agreement, or the transactions contemplated thereby, to be invalidated or avoided under 11 U.S.C. § 363(n), and after further finding that the terms and conditions of the sale transaction as provided for in the Asset Purchase Agreement are fair and reasonable, and after further finding that entry into the Asset Purchase Agreement on behalf of the estate is a sound exercise of the Debtor's reasonable business judgment, and after further finding that the

sale transaction contemplated by the Asset Purchase Agreement is in the best interests of creditors, interest holders and the estate, and for good cause appearing therefor,

**IT IS HEREBY ORDERED ADJUDGED AND DECREED as follows:**

1. The Motion is granted.

2. The terms, conditions, and transactions contemplated by the Asset Purchase Agreement are hereby approved in all respects, and the Debtor is hereby authorized under 11 U.S.C. §§ 105(a) and 363(b), (c), (f) and (m) to sell the estate's right, title and interest in and to the defined Purchased Assets, free and clear of those Liens set forth herein to the Buyer on the terms and conditions provided in the Asset Purchase Agreement, a true and correct copy of which is attached as Exhibit "A" to the concurrently filed exhibit supporting this Order filed as Document No. 153 on the Court's docket.

3. The Debtor is hereby authorized, empowered, and directed to (i) perform under, consummate, and implement the Asset Purchase Agreement, (ii) execute all additional instruments and documents that may be reasonably necessary or desirable to implement the Asset Purchase Agreement and the transactions contemplated thereby, (iii) take all further actions as may be necessary or appropriate for the purposes of assigning, transferring, granting, conveying, encumbering or transferring the Purchased Assets as contemplated by the Asset Purchase Agreement, and (iv) take such other and further steps as are contemplated by the Asset Purchase Agreement or reasonably required to fulfill the Debtor's obligations under the Asset Purchase Agreement, all without further order of the Court.

4. The sale of the Purchased Assets shall be free and clear of Liens of all entities and persons, and their predecessors and successors in interest, and unrecorded equitable or legal interests in the Purchased Assets asserted by any person or entity, or their respective predecessors and successors in interest, unless such interests would be superior to the rights of the Debtor under 11 U.S.C. § 544(a)(3) and (ii) the claims or interests asserted by any person or entity, or their respective predecessors and successors in interest, against the estate which do not constitute liens against or

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

interests in the Purchased Assets. Except as authorized for payment by this Order, the lien, claim, interest, or encumbrance of the parties affected hereby shall attach, as adequate protection to the holder thereof pursuant to 11 U.S.C. § 363(e), to the proceeds of sale, with the same extent, validity and priority, if any, as such lien, encumbrance, or interest now has with respect to the Purchased Assets, subject to any and all defenses, offsets, counterclaims and/or other rights of any party relating thereto, provided however, that the secured tax claim of (i) Fort Bend County Municipal Utility District #35 in the amount of $1,785.47, (ii) Grand Lakes Water Control and Improvement District in the amount of $180.54, (iii) Alief Independent School District in the amount of $1,682.86, (iv) Clear Creek Independent School District in the amount of $423.11, (v) Humble School District in the amount of $425.73 and (vi) Spring Branch Independent School District in the amount of $1,241.44, shall be paid by the Debtor from the sales proceeds no later than the fifth (5th) calendar day after this Order becomes a final and non-appealable order.

5. This Court shall and hereby does retain jurisdiction, so long as the within bankruptcy case remains open, to (i) enforce and implement the terms and provisions of the Asset Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and any other supplemental documents or agreements executed in connection therewith, (ii) compel delivery and payment of the consideration provided for under the Asset Purchase Agreement, (iii) resolve any disputes, controversies or claims arising out of or relating to the Asset Purchase Agreement, and (iv) interpret, implement, and enforce the provisions of this Order.

6. The transfer of the Purchased Assets to Buyer pursuant to the Asset Purchase Agreement constitutes a legal, valid, binding and effective transfer of the Purchased Assets, and shall vest Buyer with all right, title and interest of Debtor in and to the Purchased Assets. On the Closing Date, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

and transfer of the Purchased Assets or a bill of sale transferring good and marketable title in the Purchased Assets to Buyer.

7. All entities who are presently, or on the Closing Date may be, in possession of some or all of the Purchased Assets (other than the Deposit and the Excluded Assets) are hereby directed to surrender possession of the Purchased Assets either to (a) the Debtor, for subsequent transfer to Buyer (at Buyer's sole cost and expense), or (b) to Buyer.

8. On or before the Closing Date, each of the Debtor's secured creditors is authorized and directed to execute and deliver such documents and take all other actions as may be necessary to release its Liens in the Purchased Assets,

9. The ten (10) day stay prescribed by Rule 6004(g) of the Federal Rules of Bankruptcy Procedure is hereby waived.

10. Pursuant to 11 U.S.C. §§ 365(a) and (f), the Debtor shall be authorized to assume and assign to Buyer the interests of the estate under (i) those executory contracts set forth in the Asset Purchase Agreement and (ii) those certain written Leases set forth in the Asset Purchase Agreement, specifically, (a) that certain written lease by and between the Debtor, as lessee, and The City of San Marcos, as lessor, for the real property located at 595 Grand Avenue, #101, San Marcos, California, (b) that certain written lease, as amended, by and between the Debtor, as lessee, and Woodcreek Shopping Center, as lessor, for the real property located at 1575 Bothello Drive, Walnut Creek, California, (c) that certain written lease by and between the Debtor, as lessee, and West Coast Investors, as lessor, for the real property located at 2638 Wilshire Boulevard, Santa Monica, California, (d) that certain written lease, as amended, by and between the Debtor, as lessee, and Panos Properties, LLC, as lessor, for the real property located at 3700 Factoria Boulevard S.E., Bellevue, Washington, (e) that certain written lease, as amended, by and between the Debtor, as lessee, and Weingarten Realty Management Corp., as lessor, for the real property located at 5129 Richmond Avenue, Houston, Texas, (f) that certain written lease by and between the Debtor, as

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

lessee, and Pacific Promenade, L.L.C., as lessor, as amended by a First Amendment to Lease and Landlord's Consent to Assignment dated November 26, 2008, for the real property located at 16495 N. Scottsdale Road, Suite 5B-4/5, Scottsdale, Arizona, (g) that certain written lease, as amended, by and between the Debtor, as lessee, and Services, Ltd., as lessor, for the real property located at 810-0 W. Crestline Avenue, #A-1, Denver, Colorado, (h) that certain written lease, as amended, by and between the Debtor, as lessee, and Sher Lane, LLC, as lessor, for the real property located at 7682 Edinger Avenue, Huntington Beach, California, (i) that certain written lease by and between the Debtor, as lessee, and IBP Retail No. 3, L.P., as lessor, for the real property located at 3432 E. Hebron Parkway, Suite 100, Plano, Texas, (j) that certain written lease, as amended, by and between the Debtor, as lessee, and NPI-Clybourn, LLC, as lessor, for the real property located at 2000 N. Clybourn Avenue, Suite "D", Chicago, Illinois, (k) that certain written Standard Industrial Lease - Net dated November 7, 1989, by and between the Debtor, as lessee, and D.S.A. Properties, L.P., as lessor, as amended by an Extension of Lease dated February 22, 2000, an Amendment to Lease dated June 8, 2001, and Amendment to Lease dated December 1, 2004, and an Amendment to Lease dated December 3, 2008, for the real property located at 2220 E. Cerritos Avenue/1540 Page Court, Anaheim, California.

11. Any cure amounts due and owing on account of the assumption and assignment of (i) those executory contracts set forth in the Asset Purchase Agreement and (ii) those certain written Leases set forth in the Asset Purchase Agreement, shall be paid by Buyer no later than the fifth (5th) calendar day after this Order becomes a final and non-appealable order. Without modifying the foregoing, Buyer agrees to pay to D.S.A. Properties, L.P. the total amount of $16,286.06 no later than the fifth (5th) calendar day after this Order becomes a final and non-appealable order and the total amount of $16,286.06 no later than April 1, 2009.

12. The Asset Purchase Agreement is modified as follows:

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

a. Further Assistance. Without limiting any of the terms and conditions of the Asset Purchase Agreement, Buyer will cause the Debtor's Chief Financial Officer, or such other person or persons as Seller may direct from time to time in writing, at no cost or expense to Seller, to provide documentation, advice and assistance to Seller, its officers (including, without limitation, its Chief Responsible Officer), directors, attorneys, agents and representatives as may be reasonably requested by such persons from time to time to assist Seller in the administration of the Debtor's bankruptcy case, including, without limitation, claims administration, review, analysis and prosecution of avoidance power actions under applicable provisions of the Bankruptcy Code, tax preparation, preparation of Monthly Operating Reports, termination of any Plans, recovery/collection and/or disposition of any Excluded Assets, reconciliation of any non-Assumed Liabilities, reconciliation of any Cure Costs, review and reconciliation of any and all bank statements and delivery of any and all check registers/credit card statements/wire transfers and other records of Seller, whether relating to pre-petition, post-petition or post-closing under the Asset Purchase Agreement;

b. Pro-Rations. Without limiting any of the terms and conditions of the Asset Purchase Agreement, from and after the Closing Date, in the event that Seller receives any claim for which a portion of the payment due relates to post-Closing Date obligations, including, without limitation, (1) any claims relating to Taxes, (2) real, sales, ad valorem, personal property and all similar taxes and assessments relating to the Purchased Assets, (3) water, sewer and other similar types of taxes, and installments on special benefit assessments, (4) electric, gas, telephone and utility charges, (5) CAM charges under Assumed Leases, and (6) prepaid expenses of Seller to the extent that the benefit thereof will be available to Buyer after the Closing Date; and Seller can demonstrate that the basis for such claim can be determined to relate to any time period from and after the Closing Date, then Buyer shall promptly pay to Seller, within fifteen

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

(15) days of receipt of notice of such claim from Seller, the full amount allocable to Buyer relating to periods subsequent to the Closing Date.

c. Transfer Fees. Without limiting any of the terms and conditions of the Asset Purchase Agreement, Buyer shall pay the fees and costs of recording and filing all applicable conveyance instruments contemplated in the Asset Purchase Agreement, and shall pay all costs of applying for new Permits and obtaining the transfer of Assumed Permits which may be lawfully transferred.

13. For the avoidance of doubt,

a. Upon the assumption and assignment of any Assumed Contract, Debtor and its bankruptcy estate shall be relieved of any liability for breach of any such Assumed Contract occurring after the assignment pursuant to Section 365(k) of the Bankruptcy Code;

b. No cure payment or other form of compensation is required in connection with the assumption of any Assumed Contract, except as specifically provided in the Cure Schedule attached to the Asset Purchase Agreement; and

c. The merchant services agreement by and between the Debtor and Chase Paymentech that is being assumed and assigned under the Asset Purchase Agreement and this Order includes the transfer of the Debtor's reserve account held by Chase Paymentech under the merchant services agreement and shall not remain as an asset of the Debtor's estate.

14. The transactions contemplated by the Asset Purchase Agreement are undertaken by Buyer in good faith, as that term is used in 11 U.S.C. § 363(m) and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale to Buyer, unless such authorization is duly stayed pending such appeal. Buyer is a good faith purchaser of the Purchased Assets, and is entitled to all of the benefits and protections afforded by 11 U.S.C. § 363(m).

15. The validity of the sale approved hereby shall not be affected by the appointment of a trustee or successor trustee, the dismissal of the above-captioned case, or its conversion to another chapter under title 11 of the United States Code.

16. The Asset Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties hereto, in a writing signed by such parties, and in accordance with the terms and conditions of the Asset Purchase Agreement, without further order of the Court; provided, that any such modification, amendment or supplement does not have a material adverse effect on the Debtor or its estate.

17. The failure specifically to include any particular provision of the Asset Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Asset Purchase Agreement be authorized and approved in its entirety.

18. Buyer shall execute whatever documents are reasonably requested or required by Buyer and any other parity to effectuate the terms, conditions, and obligations of this Order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

/ / /

/ / /

/ / /

/ / /

/ / /

19. So long as the within bankruptcy case remains open, this Court retains jurisdiction to enforce and implement the terms and provisions of the Asset Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and including, without limitation, any and all documents, instruments, certificates and agreements entered into in connection with the Asset Purchase Agreement, in all respects, including, but not limited to, retaining jurisdiction to (i) compel delivery of the Purchased Assets to Buyer, (ii) resolve any disputes arising under or related to the Asset Purchase Agreement, except as otherwise provided therein, and (iii) interpret, implement and enforce the provisions of this Order.

**IT IS SO ORDERED**

(signatures continued on next page)

# # #

DATED: February 23, 2009

United States Bankruptcy Judge

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**PRESENTED BY:**

Daniel A. Lev
**SULMEYER**KUPETZ
A Professional Corporation

By: /s/ ______________________________
Daniel A. Lev
Attorneys for Debtor and Debtor in Possession, 3 Day Blinds, Inc.

**APPROVED AS TO FORM:**

Richard A. Chesley
PAUL, HASTINGS, JANOFSKY & WALKER, LLP

By: /s/ ______________________________
Richard A. Chesley
Attorneys for TPG-Rosewood Acquisition Corp., TPG Ventures, L.P., Rosewood Capital IV Associates, L.P., and Rosewood Capital IV, L.P.

Ronald A. Clifford
BLAKELEY & BLAKELEY LLP

By: /s/ ______________________________
Ronald A. Clifford
Attorneys for Official Committee of Unsecured Creditors

Dana M. Perlman
PERLMAN & ASSOCIATES, ALC

[DAL\LIT\524387.1 2/23/2009 (3:37 PM)]
12
ORDER, AFTER HEARING, GRANTING MOTION FOR ORDER AUTHORIZING SALE OF SUBSTANTIALLY ALL ASSETS OF THE ESTATE

By: /s/ ______________________________
Dana M. Perlman
Attorneys for D.S.A. Properties, L.P.

(signatures continued on next page)

William Novotny
MARISCAL, WEEKS, McINTYRE & FRIEDLANDER, P.A.

By: /s/ ______________________________
William Novotny
Attorneys for Pacific Promenade, L.L.C.

Ivan Gold
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP

By: /s/ ______________________________
Ivan Gold
Attorneys for Weingarten Realty Investors

Joshua T. Klein
FOX ROTHSCHILD LLP

By: /s/ ______________________________
Joshua T. Klein
Attorneys for First Data Corporation

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DAL\LIT\524387.1 2/23/2009 (3:37 PM)]

13

ORDER, AFTER HEARING, GRANTING MOTION FOR ORDER AUTHORIZING SALE OF SUBSTANTIALLY ALL ASSETS OF THE ESTATE

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

| In re: 3 DAY BLINDS, INC., a Delaware corporation, Debtor(s). | CHAPTER 11<br>CASE NUMBER 8:08-bk-16696-ES |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**Sulmeyer**Kupetz, A Professional Corporation, 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, CA 90071-1406

The foregoing document described **ORDER, AFTER HEARING, GRANTING MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR ORDER (1) AUTHORIZING SALE OF SUBSTANTIALLY ALL ESTATE ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS, (2) DETERMINING THAT BUYER IS A GOOD FAITH PURCHASER, (3) WAIVING TEN DAY STAY PURSUANT TO RULE 6004(g) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND (4) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND EXECUTORY CONTRACTS DESIGNATED BY BUYER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ______________I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On February 20, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Please See Attached Service List

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 20, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Santa Ana Division
U.S. Bankruptcy Court
Roybal Reaganl Federal Building
Bin outside of Room 5097
411 W. Fourth Street
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 20, 2008 | Denise Givens | /s/ Denise Givens |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**Service List**

Office of the United States Trustee
411 West Fourth Street, Suite 9041
Santa Ana, CA 92701-8000

**Debtor**
3 Day Blinds, Inc.
2220 East Cerritos Avenue
Anaheim, CA 92806

**Attorneys for CIT Lending Services Corp., et al.**
Richard A. Robinson, Esq.
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, Delaware 19801

**Attorneys for CIT lending Services Corp., et al.**
Marsha A. Houston, Esq.
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514

**Attorneys for Equity Security Holders , et al.**
Richard A. Chesley, Esq.
Paul Hastings Janofsky & Walker LLP
191 North Wacker Drive, 30th Floor
Chicago, IL 60606

**Attorneys for Orchard First Source Capital, Inc.**
Peter J. Gurfein, Esq.
Akin Gump Strauss Hauser & Feld LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3012

**Attorneys for Creditors Committee**
Scott Blakeley, Esq.
Blakeley & Blakeley LLP
1000 Quail Street, Suite 200
Newport Beach, CA 92660

**Attorneys for Landlord Weingarten Realty Investors**
Ivan Gold, Esq./Marlene Moffitt, Esq.
Allen Matkins Leck Gamble Mallory & Natsis LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111

**REQUEST FOR SPECIAL NOTICE**

**Attorneys for Comerica Bank**
David McCarty, Esq.
Sheppard Mullin Richter & Hampton LLP
333 South Hope Street, 48th Floor
Los Angeles, CA 90071-1448

**Attorneys for Inland Western Oswego Douglass; Inland Grayhawk, LLC, et al.**
Kevin M. Newman, Esq.
Menter, Rudin & Trivelpiece, PC
308 Maltbie Street, Suite 200
Syracuse, NY 13204-1498

**Attorneys for The Irvine Company**
Ernie Zachary Park, Esq.
Bewley, Lassleben & Miller, LLP
13215 East Penn Street, Suite 510
Whittier, CA 90602-1797

**Attorneys for Robert Agramonte, Jr., et al.**
Jeffrey L. Schaffer, Esq.
Howard Rice Nemerovski Canady Falk & Rabkin
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4024

**Attorneys HRTC I, LLC**
Steven W. Kelly, Esq.
Silver & DeBoskey
1801 York Street
Denver, CO 80206

**Attorneys for Department of Revenue**
Missouri Department of Revenue
Bankruptcy Unit, Attn: Sheryl L. Moreau
P.O. Box 475
Jefferson City, MO 65105-0475

**Attorneys for Terramar Retail Centers and TRC MM, LLC fka GMS Five, LLC**
Todd R. Gabriel, Esq.
Sparber Rudolph Annen, APLC
701 “B” Street, Suite 1400
San Diego, CA 92101

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**Attorneys for Passco Olathe Station S, LLC, et al.**
Meredyth A. Vick, Esq.
The Sader Law Firm
4739 Belleview Avenue, Suite 300
Kansas City, MO 64112

**Attorneys for CAB West, LLC**
Randall P. Mroczynski, Esq.
535 Anton Boulevard, 10th Floor
Costa Mesa, CA 92626

**Attorneys for CIT Lending Services Corporation**
Marsha A. Houston, Esq./Christopher O. Rivas, Es.q
Reed Smith LLP
355 S. Grand Avenue, Ste. 2900
Los Angeles, CA 90071-1514

**Attys for Developers Diversified Realty Corporation**
Thomas J. Leanse, Esq./Brian D. Huben, Esq.
Katten Muchin Rosenman LLP
2029 Century Park East Suite 2600
Los Angeles, CA 99967-3012

**Counsel for Developers Diversified Realty Corp.**
Eric C. Cotton, Esq.
3300 Enterprise Parkway
Beachwood, OH 44122

**Attorneys for Laura Ashley, Esq.**
M. Joseph Allman, Esq.
Allman Spry Leggett & Crumpler, P.A.
380 Knollwood Street, Suite 700
Winston Salem, NC 27103

**Attorneys for Gate/P93, Ltd.**
Michael Deitch, Esq.
Law Offices of Michael Deitch & Associates
800 Rio Grande
Austin, TX 78701

**Attorneys for Sylvia Cuellar, et al.**
Bruce Anticouni, Esq.
Anticouni & Associates
23 East De La Guerra Street
San Barbara, CA 93101

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

Patrick Nellies, Esq.
Advantage Law Group
5820 Oberlin Drive, Suite 110
San Diego, CA 92121

**Attorneys for Edgar Silva, Aneita Garlow and David De La Garza, et al.**
Patrick Keegan, Esq.
Keegan & Baker, LLP
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122

**Attorneys for Almaden Plaza Shopping Center**
David B. Whitehead, Esq.
Whitehead & Porter LLP
220 Montgomery Street, Suite 1850
San Francisco, CA 94104

**Attys. for Treasurer of Arapahoe County Colorado**
George Rosenberg, Esq.
5334 South Prince Street
Littleton, CO 80166

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DAL\LIT\524387.1 2/23/2009 (3:37 PM)]
19
ORDER, AFTER HEARING, GRANTING MOTION FOR ORDER AUTHORIZING SALE OF SUBSTANTIALLY ALL ASSETS OF THE ESTATE

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

| In re: 3 DAY BLINDS, INC., a Delaware corporation, Debtor(s). | CHAPTER 11<br>CASE NUMBER 8:08-bk-16696-ES |
|---|---|

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4**) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) ***ORDER, AFTER HEARING, GRANTING MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR ORDER (1) AUTHORIZING SALE OF SUBSTANTIALLY ALL ESTATE ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS, (2) DETERMINING THAT BUYER IS A GOOD FAITH PURCHASER, (3) WAIVING TEN DAY STAY PURSUANT TO RULE 6004(g) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND (4) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND EXECUTORY CONTRACTS*** was entered on the date indicated as “Entered” on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (“NEF”) –** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of _________, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

dlev@sulmeyerlaw.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

**Attorneys for Equity Security Holders , et al.**
Richard A. Chesley, Esq.
Paul Hastings Janofsky & Walker LLP
191 North Wacker Drive, 30th Floor
Chicago, IL 60606

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an “Entered” stamp, the party lodging the judgment or order will serve a complete copy bearing an “Entered” stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page